UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANTONIO MAYS,**
         **Petitioner,**

    **v.**                          Case No.  06C0486

**PHIL KINGSTON, Warden,**
**Waupun Correctional Institution**
         **Respondent.**

### ORDER

On April 12, 2006, Antonio Mays filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution.  Petitioner was convicted in Milwaukee County Circuit Court of armed robbery with use of force, party to a crime, and habitual criminality.  He was sentenced to twenty years imprisonment and is currently incarcerated at Waupun Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.  Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.  During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

First, petitioner alleges that the state court proceedings violated the Double Jeopardy Clause of the Fifth Amendment when the trial court granted a mistrial and he was

later tried again for the same crimes. Violation of a petitioner's double jeopardy rights constitutes a constitutional basis for habeas relief. See, e.g., Gomez v. Berge, 434 F.3d 940 (7th Cir. 2006). Second, petitioner asserts that he should not have been convicted as a habitual criminal because he had never been convicted of any other felonies. Petitioner's claim appears to implicate the due process clause which is violated if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt on the evidence presented. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Piaskowski v. Casperson, 126 F. Supp. 2d 1149, 1153 (E.D. Wis. 2001). Third, petitioner asserts that the trial court should have suppressed certain evidence because it was collected in violation of his Fourth Amendment rights. A petitioner may obtain collateral relief on a Fourth Amendment claim if the state deprived him of a "full and fair opportunity to contest the search or seizure." Hayes v. Battaglia, 403 F.3d 935, 939 (7th Cir. 2005). Finally, petitioner claims that his counsel was ineffective. Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. Thus, petitioner presents colorable constitutional issues and I will not dismiss this petition for failure to set forth cognizable constitutional issues.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law

of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. O'Sullivan, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (internal quotation marks omitted).

A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. Rose v. Lundy, 455 U.S. 509 (1982); Cruz v. Warden of Dwight Correctional Ctr., 907 F.2d 665, 667 (7th Cir. 1990). However, a district court has discretion to stay a mixed petition rather than dismiss it if "the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). In the present case, petitioner clearly states that two of his claims, his due process claim and his Fourth Amendment claim, have not been exhausted. However, petitioner also appears to request a stay so that he may exhaust his state remedies. I will allow petitioner thirty (30) days to file a motion for a stay in the present case. In this motion, petitioner should discuss whether he has good cause for failure to exhaust. Alternatively, petitioner may choose to delete the unexhausted claims and to proceed with the exhausted claims. Id. (citing Lundy, 455 U.S. at 520) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims"). After I consider petitioner's motion to stay or to dismiss his unexhausted claims, I will determine whether

3

the respondent must answer this petition, complying with Rule 5 of the Rules Governing § 2254 Cases.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order petitioner file a motion for stay or a motion to dismiss his unexhausted claims.

Dated at Milwaukee, Wisconsin, this 18 day of April, 2006.

/s_____
LYNN ADELMAN
District Judge