## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**ANTONIO MAYS,**
         **Petitioner,**

      v.                                                       **Case No. 06C0486**

**PHIL KINGSTON, Warden,**
**Waupun Correctional Institution**
         **Respondent.**

### ORDER

On April 12, 2006, petitioner Antonio Mays filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I reviewed the habeas petition and concluded that petitioner stated constitutional claims. Subsequently, petitioner filed a motion to stay this case so that he can return to state court to exhaust certain of his claims.

A petition for a writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. Rose v. Lundy, 455 U.S. 509 (1982); Cruz v. Warden of Dwight Correctional Ctr., 907 F.2d 665, 667 (7th Cir. 1990). A district court has discretion to stay a "mixed" habeas petition (i.e., one containing both exhausted and unexhausted claims) rather than dismiss it. Rhines v. Weber, 544 U.S. 269, 278 (2005). However, stays should be utilized "only in limited circumstances" so as not to undermine the Antiterrorism and Effective Death Penalty Act's twin goals of encouraging finality of state court judgments and encouraging petitioners to seek relief from the state courts in the first instance. Id. Thus, I may issue a stay if "the petitioner has

good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.

In his motion, petitioner fails to provide any indication that he has good cause for his failure to exhaust. Thus, I must deny his motion to stay. Before dismissing this petition as a mixed petition, however, I will provide petitioner with the opportunity to withdraw his unexhausted claims. See Lundy, 455 U.S. at 520 ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims."). I must warn petitioner that if he chooses to withdraw his unexhausted claims and proceed only as to the exhausted claims, with the intention of raising the unexhausted claims after they have been raised in state court, he may be unable to pursue the unexhausted claims in a federal habeas petition. See 28 U.S.C. § 2244(b). Alternatively, petitioner may request a dismissal of this petition without prejudice so that he may present all of his claims for federal habeas review at the same time. However, the dismissal of the present proceeding could result in the loss of all of his claims–including those already exhausted–if the statute of limitations expires during the time that petitioner returns to state court to exhaust his unexhausted claims. See 28 U.S.C. § 2244(d)(1). At this time, I make no determination as to when the statute of limitations period expires.

Petitioner must inform the court of his intention to dismiss the unexhausted claims within thirty (30) days of the date of this order. If petitioner fails to inform the court concerning his intention to dismiss the unexhausted claims within thirty days, or chooses not to dismiss the unexhausted claims, the court will dismiss this petition as a mixed petition. See Lundy, 455 U.S. at 520.

2

Case 2:06-cv-00486-LA   Filed 06/05/06   Page 2 of 3   Document 4

For the reasons stated,

**IT IS ORDERED** that petitioner's motion to stay is **DENIED**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order petitioner shall inform the court concerning his intention to dismiss the unexhausted claims.

Dated at Milwaukee, Wisconsin, this 5 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge

3