# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTONIO MAYS,**
        **Petitioner,**

    v.                                           **Case No. 06C0486**

**PHIL KINGSTON, Warden,**
**Waupun Correctional Institution**
        **Respondent.**

## ORDER

On April 12, 2006, petitioner Antonio Mays filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I reviewed the habeas petition and concluded that petitioner stated constitutional claims. However, I informed petitioner that certain of his claims were not exhausted and thus, if he did not dismiss those claims, I would be forced to dismiss his petition. See Rose v. Lundy, 455 U.S. 509 (1982); Cruz v. Warden of Dwight Correctional Ctr., 907 F.2d 665, 667 (7th Cir. 1990). Subsequently, petitioner filed a motion to stay this case in order to return to state court to exhaust the unexhausted claims. I denied petitioner's motion. Petitioner has now filed a "Motion to Dismiss" the unexhausted claims. I will grant petitioner's motion and dismiss petitioner's habitual criminality claim (count 2) and his illegal search and seizure claim (count 3).

Petitioner has also filed a motion for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve

"the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982).

In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. Jackson, 953 F.2d at 1072-73. Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful I may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

Jackson, 953 F.2d at 1072.

Petitioner has not met the threshold requirement of establishing that he has looked for counsel to represent him at a reduced or no charge. His motion will be denied without prejudice for that reason. After he contacts at least six attorneys who practice in the habeas or criminal area of law he may reapply for appointment of counsel. Any future motion for appointment of counsel should discuss the Jackson factors set forth above.

Therefore, for the reasons stated,

**IT IS ORDERED** that petitioner's motion to dismiss his unexhausted claims is **GRANTED** and petitioner's habitual criminality claim (count 2) and his illegal search and seizure claim (count 3) are **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not

exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition, all motions and all orders will be mailed to respondent Phil Kingston and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2006.

                                s/Lynn Adelman
                                LYNN ADELMAN
                                U.S. District Judge